1

2

3                                                          **O**

4                                                  JS - 6

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   DEEANNA FOSTER et al.          )   Case No. CV 05-03324 DDP (SSx)
     [GERARDO GOMEZ ON BEHALF OF    )
12   HIMSELF AND ALL OTHERS         )   **ORDER GRANTING BLUE SHIELD'S**
     SIMILARLY SITUATED],           )   **MOTION TO DISMISS SIXTH AMENDED**
13                                  )   **COMPLAINT**
                     Plaintiff,     )
14                                  )   [Motion filed on April 21, 2009]
          v.                        )
15                                  )
     WELLPOINT HEALTH NETWORKS,     )
16   INC., a Delaware               )
     corporation; BLUE CROSS OF     )
17   CALIFORNIA; BLUE SHIELD OF     )
     CALIFORNIA; CIGNA HEALTHCARE   )
18   OF CALIFORNIA, INC.;           )
     PACIFICARE OF CALIFORNIA,      )
19   INC.; AET HEALTH CARE PLAN     )
     OF CALIFORNIA, INC.; AETNA     )
20   HEALTH OF CALIFORNIA, INC.;    )
     HEALTH NET OF CALIFORNIA,      )
21   INC.; KAISER FOUNDATION        )
     HEALTH PLAN, INC.,             )
22                                  )
                     Defendants.    )
23   _____)

24

25        This matter comes before the Court on Defendant Blue Shield's

26   Motion to Dismiss the Sixth Amended Complaint.  Pursuant to a

27   mandate issued December 1, 2008, the Ninth Circuit reversed this

28   Court's decision dismissing Plaintiff's complaint for lack of

1   Article III standing.  The Ninth Circuit's order remanded the
2   action to this court "to consider whether Gomez should be excused
3   from his failure to exhaust administrative remedies under ERISA and
4   thus be allowed to amend his petition."  In accordance with the
5   Ninth Circuit's order, Plaintiff filed his Sixth Amended Complaint
6   ("SAC") on March 24, 2009.  Defendant Blue Shield moves to dismiss
7   the Complaint because (1) Plaintiff failed to exhaust his
8   administrative remedies and (2) Plaintiff's remaining state law
9   unfair competition claim is inappropriate in light of the Ninth
10  Circuit's opinion and considerations of judicial standing.
11  Although Plaintiff argues that he has adequately alleged futility,
12  Plaintiff does not oppose the Motion as to the First Cause of
13  Action.  After reviewing the materials submitted by the parties and
14  hearing oral argument, the Court grants the Motion in full and
15  dismisses the action without prejudice.
16  **I.    BACKGROUND**
17          **A.    Procedural History**
18          This action was originally filed in California Superior Court
19  on March 28, 2005.  The original defendants removed the action on
20  the basis of ERISA preemption.  As a result of motions, court
21  rulings, and stipulations, additional iterations of the Complaint
22  followed; those iterations added and dropped parties and claims.
23          Plaintiff Gerardo Gomez ("Gomez" or "Plaintiff") filed his
24  Fifth Amended Complaint ("FAC") on October 20, 2006.  Docket No.
25  39.  Defendant California Physicians' Service dba Blue Shield
26  ("Blue Shield" or "Defendant") moved to dismiss the FAC on the
27  grounds that Gomez lacked Article III standing, that his state law
28  claim was completely preempted by ERISA, and that his fiduciary

1  ERISA claim could not be brought because he already had a claim for
2  benefits under ERISA.  Docket No. 40.  Dismissing for lack of
3  Article III standing, the Court granted the motion on February 5,
4  2007.  Docket No. 48.

5      On November 5, 2008, the Ninth Circuit entered an order
6  reversing this Court's February 5, 2007 dismissal.  See Gomez v.
7  California Physicians' Service dba Blue Shield of California, 299
8  Fed. Appx. 687, 689 (9th Cir. 2008).  The Ninth Circuit described
9  this Court's order as finding "no injury-in-fact because it was
10  unclear whether Gomez is an 'insured person' under his contract
11  with the other insurance company . . . and because it is unclear
12  whether the med-pay insurer would have allowed for double-payment
13  of benefits."  Id.  The Ninth Circuit reversed.  The court found
14  that "for the purposes of a motion to dismiss, Gomez has alleged
15  sufficient facts establishing the plausibility that he has suffered
16  an injury-in-fact."  Id.  The court likewise concluded that Gomez
17  had alleged a redressable injury.  Id.  The court found, however,
18  that "because Gomez's claim is one for the recovery of benefits,
19  his claim for equitable relief under 29 U.S.C. § 1132(a)(3) cannot
20  stand."  Id. at 690.  The Ninth Circuit therefore "remand[ed] this
21  case to the district court to consider whether Gomez should be
22  excused from his failure to exhaust administrative remedies under
23  ERISA and thus be allowed to amend his petition."  Id.

24      At a status conference regarding the Ninth Circuit's remand,
25  the parties agreed that the best way to comply with the Ninth
26  Circuit's order would be for Plaintiff to file a Sixth Amended
27  Complaint and for Defendant to file a Motion to Dismiss.
28  ///

1  ///

2      **B.   The Sixth Amended Complaint ("SAC")**

3          Plaintiff filed the Sixth Amended Complaint ("SAC") on March

4  24, 2009.  The SAC alleges that Blue Shield "improperly and

5  illegally us[es] its subscribers' 'medical payments' liability

6  insurance coverage (a first-party insurance benefit typically found

7  in most homeowner and liability policies) to fund the cost of

8  emergency medical treatment" Blue Shield is obligated to pay.  SAC

9  ¶ 1.  Plaintiff alleges that the scheme works generally as follows.

10 When a subscriber is involved in an accident and taken to one of

11 the Plan's contracted medical provider's facilities to obtain

12 emergency-room services, the provider bills both the Plan and the

13 subscriber's medical payments carrier ("med-pay") at their higher,

14 non-contracted rate.  When both the Plan and the med-pay carrier

15 pay, the provider refunds the Plan 100% of the amount of the lower

16 contracted rate.  As a result, the subscriber loses a collateral

17 source which would have resulted in payment directly to the

18 subscriber for the cost of the emergency room bill.  Id. at ¶ 2.

19 Plaintiff alleges that Blue Shield directs the provider to use the

20 patient's med-pay coverage first, when in fact it should use the

21 patient's primary coverage.

22     The SAC sets forth two causes of action.  In the First Claim

23 for Relief, Gomez alleges that Blue Shield's practices were unfair,

24 unlawful, and fraudulent in violation of Cal. Bus. & Prof. Code

25 § 17200.  SAC ¶¶ 50-53.  In the Second Claim for Relief, Gomez

26 seeks benefits pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C.

27 § 1132(a)(1)(B).  Id. at ¶ 55.  With respect to exhaustion, the

28 Complaint alleges:

1         59.   Gomez is informed and believes, and based thereon
2  alleges, that Blue Shield denies that it instructs its
   provider hospitals to bill med-pay as primary insurance, and
3  that Gomez or any member of the class has been damaged or
   deprived of benefits in any manner whatsoever.  Blue Shield
4  has already taken this position in its pleadings and papers
   filed in this Court and in the U.S. Court of Appeals for the
5  Ninth Circuit, when this case was on appeal.  It would
   therefore be futile for Gomez to file any type of
6  administrative claim with Blue Shield seeking relief, or for
   any members of the Plan to pursue their administrative
7  remedies under ERISA.

8         60.   In addition, Blue Cross has failed to provide Gomez
   or any member of the class with information necessary to allow
9  them to pursue any administrative remedy.  It has not informed
   them that it has used the scheme described above to deprive
10 them of their benefits, nor has it advised them of the manner
   in which they might seek administrative relief.  Accordingly,
11 Gomez and the members of the class should not be required to
   exhaust their administrative remedies.

12 _Id._ at ¶¶ 59-60.

13     In support of its Motion, Blue Shield has submitted the

14 Declaration of Christine Orr, Appeals and Grievance Manager for

15 Blue Shield.  Orr Decl., ¶ 1.  Orr testifies that

16 Blue Shield does not coordinate benefits with automobile
   medical payment policies.  Accordingly, if plaintiff Gerardo
17 Gomez were to submit a grievance to Blue Shield setting forth
   that Blue Shield was improperly reimbursed by the hospital
18 after it initially paid Gomez's claim for his June 5, 2002,
   emergency room treatment, Blue Shield would pay the benefits
19 that were owed under the terms of Gomez's plan.

20 _Id._ at ¶ 4.  The Orr Declaration also explains that each member of

21 an individual plan is sent a copy of his or her Evidence of

22 Coverage when enrolled in a Blue Shield health plan.  _Id._ at ¶ 5.

23 Additionally, each member of a Blue Shield plan is issued a

24 membership card that contains a number for member services, from

25 which members can obtain information regarding the grievance and

26 appeals process.  _Id._ at ¶ 6.

27 ///

28 ///

**II.   PROCEDURAL STANDARD**

A motion to dismiss under Rule 12(b)(6) should only be granted if it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002). When considering a 12(b)(6) motion to dismiss for failure to state a claim, "all allegations of material fact are accepted as true and should be construed in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  A court need not accept as true conclusory allegations or allegations stating a legal conclusion.  In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996).  A court properly dismisses a complaint on a Rule 12(b)(6) motion based upon the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under the cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  That is, the plaintiffs' obligation requires more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 1964-65. However, the complaint need only state "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.  A well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely." Id. at 1964 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In general, a court considering a motion to dismiss should "not consider any material beyond the pleadings." Lee v. City of

1    <u>Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001).  When "matters
2    outside the pleadings are presented to and not excluded by the
3    court, the motion must be treated as one for summary judgment under
4    Rule 56." Fed. R. Civ. P. 12(d).  Two exceptions exist to the
5    requirement that consideration of extrinsic evidence converts a
6    12(b)(6) motion to a summary judgment motion: that material
7    properly submitted as part of the complaint and material subject to
8    judicial notice under Federal Rule of Evidence 201.  <u>Lee</u>, 250 F.3d
9    at 688-89.

10        A motion to dismiss for failure to exhaust is not treated as a
11   normal 12(b)(6) motion, however.  Rather, "the failure to exhaust
12   nonjudicial remedies that are not jurisdictional should be treated
13   as a matter in abatement, which is subject to an unenumerated Rule
14   12(b) motion rather than a motion for summary judgment." <u>Wyatt v.</u>
15   <u>Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003); <u>Inlandboatmens</u>
16   <u>Union of the Pacific v. Dutra Group</u>, 279 F.3d 1075, 1078 n.2 & 1083
17   (9th Cir. 2002).[1]  When deciding such a motion, a district court
18   may look beyond the pleadings and resolve factual disputes.  <u>Wyatt</u>,
19   315 F.3d at 1119-20; <u>see</u> <u>Inlanboatmens Union</u>, 279 F.3d at 1083.
20   Where a court looks beyond the pleadings, the court should assure
21   that the plaintiff has an adequate opportunity to develop a record.
22   <u>Wyatt</u>, 315 F.3d at 1120 n.14.  A dismissal for failure to exhaust
23   administrative remedies is without prejudice and is not an
24   adjudication on the merits.  <u>Wyatt</u>, 315 F.3d at 1119-20.

25   **III. DISCUSSION**

26   _____

27        [1]Exhaustion of ERISA claims is not a jurisdictional
     requirement, but rather a "prudential" requirement.  <u>Vaught v.</u>
28   <u>Scottsdale Healthcare Corp. Health Plan</u>, 546 F.3d 620, 626-27 & n.2
     (9th Cir. 2008).

7

1    Blue Shield moves to dismiss both causes of action alleged in
2    the Complaint.  With respect to the First Cause of Action, which
3    alleges non-ERISA claims, Defendant moves to dismiss because (1)
4    the claim is outside the scope of the Ninth Circuit's remand and,
5    alternatively, (2) Gomez does not satisfy prudential standing
6    requirements because he is not a member of the class on whose
7    behalf that claim is brought.  Gomez does not oppose dismissal of
8    the First Cause of Action.  Opp. at 12:21-23.  The Court therefore
9    dismisses the First Cause of Action.

10   The Second Cause of Action – the ERISA claim – is at the heart
11   of this motion.  Defendant moves to dismiss on the ground that
12   Gomez has not adequately pled exhaustion of his administrative
13   remedies or futility.  Gomez does not suggest that he has exhausted
14   his claims; rather, the Complaint alleges that exhaustion would be
15   futile, SAC ¶ 59, and that Blue Cross has "failed to provide Gomez
16   . . . with information necessary to pursue any administrative
17   remedy," id. at ¶ 60.  Blue Shield argues that Gomez has not shown
18   that exhaustion would be futile and that it did provide him with
19   sufficient information to pursue administrative review.  Gomez
20   argues that his claim of futility is not conclusory, but that
21   Defendant's prior representations to the Court make clear that
22   exhaustion would be futile.  Gomez alternatively requests leave to
23   depose Christine Orr in order to discover Blue Shield's position
24   with respect to coverage.  Gomez does not directly address Blue
25   Shield's argument with respect to paragraph 60 of the SAC.

26   Section 502 of ERISA, 29 U.S.C. § 1132, allows an ERISA plan
27   participant or beneficiary to bring an action "to recover benefits
28   due to him under the terms of his plan, to enforce his rights under

8

1   the terms of the plan, or to clarify his rights to future benefits

2   under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B).  The

3   Ninth Circuit has recognized a "prudential exhaustion requirement"

4   for § 1132 claims: that is, the Ninth Circuit has held that "before

5   bringing suit under § 502, an ERISA plaintiff claiming a denial of

6   benefits 'must avail himself or herself of a plan's own internal

7   review procedures before bringing suit in federal court.'"  Vaught,

8   546 F.3d at 626 (quoting Diaz v. United Agric. Employee Welfare

9   Benefit Plan & Trust, 50 F.3d 1478, 1483 (9th Cir. 1995)).  The

10  exhaustion doctrine "is consistent with ERISA's background,

11  structure and legislative history and serves several important

12  policy considerations, including the reduction of frivolous

13  litigation, the promotion of consistent treatment of claims, the

14  provision of a nonadversarial method of claims settlement, the

15  minimization of costs of claim settlement and a proper reliance on

16  administrative expertise."  Diaz, 50 F.3d at 1483.

17      The Ninth Circuit has also recognized exceptions to this

18  requirement.  A court is "obliged to exercise its jurisdiction and

19  is guilty of an abuse of discretion if it does not" where "resort

20  to the administrative route is futile or the remedy inadequate."

21  Id. at 626-27 (quoting Amato v. Bernard, 618 F.2d 559, 568 (9th

22  Cir. 1980)).[2]  Determining whether the exhaustion requirement is

23  excused is in the discretion of the court.  Horan v. Kaiser Steel

24  Retirement Plan, 947 F.2d 1412, 1416 (9th Cir. 1991).

25  ///

26

27          [2]Another exception exist where a plan fails to establish or

28  follow reasonable claims procedures as required by ERISA.  Id. at
    627.

1      **A.   Futility**

2         A plaintiff seeking excuse from the exhaustion requirement

3 must provide support for excuse.  "[B]are assertions of futility

4 are insufficient to bring a claim within the futility exception,

5 which is designed to avoid the need to pursue an administrative

6 review that is *demonstrably doomed to fail*."  Diaz, 50 F.3d at 1485

7 (emphasis added).  Other circuits have described this showing of

8 futility as one that evinces "certainty of an adverse decision" or

9 that "resort to administrative remedies is clearly useless."  See

10 Communications Workers of America v. American Tel. & Tel. Co., 40

11 F.3d 426, 431 (D.C. Cir. 1994); Smith v. Blue Cross & Blue Shield,

12 959 F.3d 655, 659 (7th Cir. 1992); see also Fizer v. Safeway

13 Stores, Inc., 586 F.2d 182, 183 (10th Cir. 1978) (requiring "clear

14 and positive showing of futility" for suspension of exhaustion

15 requirement under the Labor Management Relations Act).

16         Courts tend to require that a plaintiff asserting futility

17 proffer facts and circumstances indicating why administrative

18 review would be futile.  See Zhou v. Guardian Life Ins. Co. of am.,

19 295 F.3d 677, 680 (7th Cir. 2002).  Where individuals have not gone

20 through the administrative process at all, a Plan's refusal to pay

21 does not, by itself, show futility.  For example, in Diaz, the

22 Ninth Circuit found insufficient the plaintiffs' argument that

23 "defendants ha[d] demonstrated by their continued refusal to pay

24 that they ha[d] no intention of doing so."  50 F.3d at 1485-86.  On

25 the other hand, a history of unsuccessful correspondence and review

26 with the Plan can provide a sufficient showing of futility.  In

27 Leung v. Skidmore, Owings, & Merrill LLP, the district court found

28 the plaintiff's showing of futility sufficient to excuse exhaustion

where, in order to receive benefits, the plan required
documentation that the plaintiff simply did not have.  213 F. Supp.
2d 1097, 1101 (N.D. Cal. 2002) (Breyer, J.).  Likewise, in <u>Perkins
v. Prudential Insurance Company of America</u>, the district court
found the plaintiff's showing of futility sufficient where the long
history of claims and lawsuits between the plaintiff and the
insurer showed that the insurer "consistently refused to pay [the
plaintiff's] benefits until sued."  417 F. Supp. 2d 1149, 1153
(C.D. Cal. 2006) (Manella, J.).  <u>See also</u> <u>Melczer v. Unum Life Ins.
Co. Am.</u>, 2009 WL 792502 (D. Ariz. March 24, 2009) (futility
adequately shown where there was evidence regarding the lack of
reviews done by the insurer in initial determination of claim such
that appeal would be futile); <u>Phillips v. Steel Workers Western
Independent Shops Pension Plan</u>, 2004 WL 2203558 (N.D. Cal.
September 29, 2004)(Alsup, J.) (Plaintiff adequately pled futility
in light of board's interpretation of rule that would govern
determination of benefits); <u>Darensbourg-Tillman v. Robins, Kaplan,
Miller & Ciresi LLP Short Term Disability Plan</u>, 2004 WL 5603225
(C.D. Cal. September 3, 2004) (Matz, J.) (exhaustion futile for a
claim under long-term disability plan where plaintiff had pursued
claim under more liberal short term disability plan and claim was
denied).  Alternatively, a clear position taken in litigation can
provide grounds for excuse from exhaustion.  <u>See</u> <u>Horan</u>, 947 F.2d at
1416.[3]  In <u>Horan</u>, the administrator filed an amicus brief in which

---

[3]  Defendant argues that a plaintiff must show that he was
denied access to the claims procedures of the plan in order to
demonstrate futility and suggests that a finding of futility is
inappropriate where the plaintiff has wholly failed to initiate the
administrative process.  <u>See</u> Def.'s Mem. at 10.  Although the Court
(continued...)

11

1  it "unequivocally state[d] . . . that the plaintiffs [were] not

2  entitled to [the benefits they sought] under the plan."  Id.

3      Plaintiff's Second Claim for Relief alleges that Blue Shield

4  "violated the terms of the plan by violating its obligations

5  imposed by California law" and "[a]s a result of these violations,"

6  Plaintiff has "been deprived of [his] plan benefits."  SAC ¶ 57.

7  According to Plaintiff, exhaustion would be futile because

8  Defendant has argued before this Court and before the Ninth Circuit

9  that he has suffered no Constitutional injury-in-fact and, in the

10  alternative, has denied that it is or was Blue Shield's policy to

11  instruct provider hospitals to bill med-pay as primary insurance.

12  Defendant contends that its arguments about injury-in-fact (the

13  heart of the prior proceedings) are distinct from any potential

14  claim regarding benefits.  Additionally, Defendant argues that its

15  denial that Blue Shield instructed providers to bill med-pay

16  actually counsels against futility of the administrative process:

17  it suggests that, if plaintiff submitted a claim for benefits and

18  it was found that med-pay was improperly billed, Blue Shield would

19  have paid any benefits owed to Gomez under the policy.

20      The Court declines to exercise its discretion to excuse

21  exhaustion in this case.  Unlike Perkins and the other cases

22  mentioned above where the courts found futility, this is not a case

23  _____

24      [3](...continued)
    notes that courts in the Ninth Circuit have not expressly adopted

25  what Blue Shield argues is the "actual rule," see, e.g., Horan, 947
    F.2d at 1416, the Court also recognizes that many of the district

26  courts that have found futility have discussed the behavior of the
    insurer in prior proceedings.  Additionally, whether an exception

27  to exhaustion is appropriate must be considered against the
    purposes of the exhaustion requirement, e.g., promoting settlement

28  without the need for an adversarial process and developing a
    factual record.

1 where the administrator's position with respect to benefits was the
2 same throughout the administrative process and the claimant simply
3 decided to forgo the final appeal; Gomez did not pursue
4 administrative remedies at all.  Although Blue Shield's litigation
5 position has interpreted the med-pay policy such that Gomez was not
6 entitled to receive benefits under it, Gomez has not pointed to a
7 situation where Blue Shield actually interpreted *its* policy.
8 Unlike in <u>Horan</u>, where the plan administrator had "unequivocally"
9 stated that the plan did not provide the plaintiff with benefits,
10 Blue Shield's position with respect to injury-in-fact (a
11 constitutional issue distinct from – though related to –
12 entitlement to ERISA benefits) has rested on the interpretation of
13 the med-pay policy.  Gomez correctly suggests that Blue Shield's
14 position with respect to benefits under the med-pay policy may bear
15 on its position with respect to his entitlement to benefits on the
16 Blue Shield policy.  But Gomez has not clearly articulated how they
17 are necessarily related or why, if he was able to show that the
18 med-pay policy in fact paid claims on his behalf and/or if the
19 administrative process revealed that Blue Shield in fact had the
20 policy it denies, Blue Shield would not change its position.
21 Relatedly, Blue Shield's denial that it instructed providers as
22 Gomez alleges does not mean that Blue Shield would necessarily
23 contest Gomez's argument that such a scheme, if it existed, would
24 entitle him to benefits.  Accordingly, it may be beneficial to have
25 a developed factual record, as well as the administrator's
26 interpretation of the actual plan.
27      Moreover, although the Court recognizes that litigation and
28 benefits history are relevant to determining futility, the Court is

1  hesitant to allow a plaintiff to skirt the exhaustion requirement
2  by totally failing to utilize the administrative process, opting
3  instead to file a lawsuit for benefits owed, and then relying on
4  Defendant's litigation position to excuse his failure to utilize
5  the administrative process.  See Spivey v. Southern Co., 427 F.
6  Supp. 2d 1144, 1154-55 (N.D. Ga. 2006) (explaining that such an
7  approach would create a loophole and would leave "unserved" the
8  "purposes advanced by the exhaustion defense").

9       Finally and significantly, any potential prejudice to Gomez in
10 being required to exhaust his administrative remedies is minimal to
11 nonexistent.  At the hearing on this Motion, Blue Shield expressly
12 and unconditionally waived any statute of limitations defense
13 relating to the timeliness of filing an administrative claim.

14      Thus, overall, the Court finds that Gomez has not adequately
15 shown futility that would exempt him from the general rule that he
16 must exhaust his claim for benefits through the administrative
17 channels.

18      **B.   Inadequacy of Remedy**

19      In paragraph 60 of the SAC, Gomez appears to allege that
20 exhaustion should be excused because the remedy is inadequate.  In
21 particular, paragraph 60 alleges that Gomez was never provided with
22 information as to how to go through the administrative appeals
23 process.  SAC ¶ 60.  See Amato, 618 F.2d at 568-69 (discussing
24 availability of administrative review procedure in determining
25 whether inadequate remedy exception applied); Diaz, 50 F.3d at
26 1484-85 (suggesting that inadequate communication of internal
27 review procedures could constitute an inadequate remedy).
28 Defendant has submitted evidence that each member is given

1    information about the grievance and appeals process through his or

2    her Evidence of Coverage and that members can also access this

3    information through the member services number on their membership

4    cards.  Orr Decl., ¶¶ 4-5, Ex. A.  Aside from suggesting that the

5    Orr Declaration is inappropriate for consideration at this stage,

6    but see pp. 6-7, supra, Gomez does not address this argument and

7    has presented no declaration or argument that would contradict the

8    Orr Declaration.  The Court therefore finds that paragraph 60 of

9    the SAC is insufficient to justify excusing exhaustion.

10   **IV.   CONCLUSION**

11         For the foregoing reasons, the Court grants the motion to

12   dismiss for failure to exhaust and dismisses the action without

13   prejudice.

14   IT IS SO ORDERED.

15

16

17   Dated: June 3, 2009

18                                    DEAN D. PREGERSON
                                      United States District Judge

19

20

21

22

23

24

25

26

27

28